# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

_____

| | |
|---|---|
| DAVID EARL BURGERT, JR. | Cause No. CV-07-23-GF-SEH-RKS |
| Plaintiff, | |
| vs. | ORDER TO AMEND COMPLAINT AND DENY PENDING MOTIONS AND FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS DEFENDANTS UNITED STATES OF AMERICA, UNITED STATES ATTORNEY GENERAL, DIRECTOR OF THE FEDERAL BUREAU OF PRISONS, AND DAVID EDWARDY |
| UNITED STATES OF AMERICA; UNITED STATES ATTORNEY GENERAL; DIRECTOR, FEDERAL BUREAU OF PRISONS (2006-2007); DAVID EDWARDY; ONE UNKNOWN PERSON; ALL UNKNOWN PERSONS THAT HAVE OR CONTINUE TO DENY MEDICAL TREATMENT/CARE TO THE PLAINTIFF FROM MAY 12, 2006 UNTIL PRESENT DAY; CASCADE COUNTY; SHERIFF OF CASCADE COUNTY; SPECTRUM MEDICAL, INC.; 2 UNKNOWN MEDICAL PERSONS, | |
| Defendants | |

_____

Plaintiff's original complaint in this matter was filed on February 20, 2007 seeking relief for denial of medical care while in federal custody. (Document 1). After conducting an initial prescreen of Plaintiff's allegations pursuant to 28 U.S.C. § 1915A, the Court identified a number of jurisdictional and venue issues and allowed Plaintiff an opportunity to address those issues by filing an Amended Complaint. (Document 16). On March 20, 2007, Plaintiff filed an Amended Complaint which is currently before the Court for prescreening.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

## I.  PARTIES

Plaintiff is a federal prisoner proceeding pro se.  He has paid the filing fee.

In the original Complaint, Plaintiff listed as Defendants the United States of America, the United States Attorney General, the Director of the Federal Bureau of Prisons, David Edwardy and a number of unnamed individuals.  In his Amended Complaint, Plaintiff named the United States Attorney General, the Director of the Federal Bureau of Prisons, David Edwardy, Cascade County Montana, the Sheriff of Cascade County Montana, Spectrum Medical and a number of unnamed individuals.

## II. PRELIMINARY SCREENING

Plaintiff is a federal prisoner seeking redress from governmental entities, officers and employees.  Accordingly, his Amended Complaint is subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A reads in pertinent part as follows:

> The court shall review  . . .  as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

Section 1915A(b) provides that the Court may dismiss the complaint before it is served upon the defendants if it finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous, if it "lacks an arguable basis either

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(en banc). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, ___ U.S. ___, 127 S.Ct 2197, 2200 (2007)(per curiam)(citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988); Cf. Fed.Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

### III. ANALYSIS

#### A. The United States

Plaintiff does not name the United States as a party in his Amended Complaint.

Accordingly, the Court will recommend that the United States be dismissed from this action.

### B.  Attorney General of the United States of America

Plaintiff was advised in the Court's prior Order that he must allege how the United States Attorney General played a personal role in Plaintiff's alleged constitutional deprivations. Plaintiff seems to allege that the Attorney General is responsible for the "custom, practice, and/or policy" called "diesel therapy."  (Document 18, p. 9).  Plaintiff seeks an order or judgment against the United States Attorney General to cease any further retaliation and to provide immediate emergency medical treatment.  (Document 18, p. 14).

The Court specifically advised Plaintiff that while municipalities may be held liable under Section 1983 for maintaining an unconstitutional custom, policy or practice, see Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978), no similar doctrine applies to the Federal Government.  Plaintiff has indicated that his complaint is filed under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971).  The doctrine of sovereign immunity clearly precludes a Bivens action against an officer in his or her official capacity, a federal agency or the United States. See Federal Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 484-86 (1994); Kentucky v. Graham, 473 U.S. 159, 166-67, 105 S.Ct. 3099, 3106, 87 L.Ed.2d 114 (1985).  Accordingly, Plaintiff cannot sue the Attorney General in his official capacity under Bivens.

However, Plaintiff has made no allegation that Attorney General Gonzales played a personal role in Plaintiff's alleged constitutional deprivations.  Since the doctrine of respondeat superior is inappliable to Bivens actions (see Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir.

1990)), Plaintiff has not established a claim against the Attorney General in his individual capacity under Bivens.

Accordingly, the United States Attorney General should be dismissed.

### C. Director of the Federal Bureau of Prisons and David Edwardy

The Court made an initial determination that it did not have personal jurisdiction over the Director of the Federal Bureau of Prisons and David Edwardy and allowed Plaintiff an opportunity to amend his complaint and make a prima facie showing of personal jurisdiction. (Document 16). Plaintiff was advised that for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation marks and citation omitted).

Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir.1977). Plaintiff has alleged these two Defendants are responsible for the denial of basic and emergency medical treatment with deliberate indifference, severe retaliation and an equal protection "class of one" violation. However, Plaintiff failed to demonstrate these Defendants' connections with Montana, that the claims against them arose out of these Defendants' actions in Montana and that the exercise of jurisdiction is reasonable.

Plaintiff did not allege that these two defendants took any action against him while he was in Montana. His only specific allegation against Defendant Edwardy is that Edwardy allegedly cancelled an appointment which Burgert had with a surgeon from the Mayo clinic. Plaintiff does not explain how cancelling an appointment at the Mayo clinic has any connection to Montana. The only allegation is that Plaintiff was put on a plane in Great Falls, Montana which began a series of episodes which Plaintiff alleges denied his constitutional rights. This is insufficient to establish personal jurisdiction over these defendants.

Accordingly, the Director of the Federal Bureau of Prisons and David Edwardy should be dismissed.

### D. Montana Defendants.

Plaintiff allegations against Defendants Cascade County Montana, the Sheriff of Cascade County and Spectrum Medical are that,

> On two separate occasion while being held at the Cascade County jail the plaintiff had prescribed medications deliberately withheld, medical records changed and on one occasion briefly placed in the hole for writing grievances. Plaintiff went into severe withdrawals. Denial of basic and emergency medical treatment on or about February 2006 and/or April 2006 to create and cause severe wanton unnecessary pain and suffering with deliberate indifference. Defendants were fully aware of the plaintiff's needs. Plaintiff was tortured.

(Document 18, p. 7).

The Court finds that these new claims against the Montana Defendants suffer from various defects which could subject Plaintiff's Amended Complaint to dismissal under the authority discussed above. In general, the Plaintiff's claims against Cascade County, the Sheriff of Cascade County and Spectrum Medical fail to state a claim for relief because, as now pled,

Plaintiff has failed to indicate that any particular defendant has done anything wrong.  To state a claim under 42 U.S.C. § 1983, Plaintiff must identify individuals whose acts or omissions have violated his civil rights. Since Plaintiff may be able to cure the defects, the Court will give him an opportunity to file a second amended complaint.

In any Section 1983 action the initial inquiry must focus on whether the two essential elements are present:  (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).

With regard to the Sheriff of Cascade County, Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights.  Monell v. Department of Social Services, 436 U.S. 658, 691-94 (1978).  Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability. Id.  Instead, supervising officers can be held liable under section 1983 "only if they play an affirmative part in the alleged deprivation of constitutional rights." King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987).  In order to be liable, a supervising officer has to "set in motion a series of acts by others . . . , which he knew or reasonably should have known, would cause others to inflict the constitutional injury." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir.1991) (internal quotations omitted).   Plaintiff thus far has failed to allege specific facts to demonstrate the personal involvement of the Cascade County Sheriff.  A complaint must set forth the specific

facts upon which a plaintiff relies in claiming the liability of each defendant. Fed. R. Civ. P. Rule 8(a)(2). Even a liberal interpretation of a pro se civil rights complaint may not supply essential elements of a claim that the plaintiff failed to plead. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). To establish liability pursuant to Section 1983, a plaintiff must set forth facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).

Plaintiff has also named Cascade County and Spectrum Medical as Defendants. A county government is a "person" within the meaning of 42 U.S.C. § 1983 and can be sued for damages under that statute. Monell, 436 U.S. at 690. Similarly, Spectrum Medical, to the extent it is providing medical services to inmates under contract with the State of Montana can be sued under 42 U.S.C. § 1983. West v. Atkins, 487 U.S. 42, 53-54 (1988).

However, Cascade County and Spectrum cannot be held liable under Section 1983 for injuries inflicted solely by their employees or agents; again the doctrine of respondeat superior is inapplicable. Monell, 436 U.S. at 691-95. "It is only when the 'execution of the government's policy or custom . . . inflicts the injury' that the municipality may be held liable under § 1983." City of Canton v. Harris, 489 U.S. 378, 385 (1989) (quoting Monell, 436 U.S. at 694)(internal citation omitted). In other words, the local government's policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Polk County v. Dodson, 454 U.S. 312, 326 (1981) (quoting Monell, 436 U.S. at 694). The Plaintiff's allegations, and subsequent proof in this case must satisfy these standards.

As to the substance of the Plaintiff's claims, there are strict standards for challenging a

state actor's conduct in allegedly failing to provide proper medical care to an inmate. The Eighth Amendment requires that prisoners receive adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976); see also McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (citing Estelle), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997). The appropriate inquiry into a state actor's conduct is whether he or she exhibited deliberate indifference to a serious medical need, or caused the "unnecessary and wanton infliction of pain[.]" McGuckin, at 1059 (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)).

Deliberate indifference may be manifested in two ways. It may appear either "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. U.S., 838 F.2d 390, 394 (9th Cir. 1988); see also Hunt v. Dental Dept., 865 F.2d 198, 201 (9th Cir. 1989) (quoting Hutchinson). Allegations of negligence, an accident, inadvertence, or malpractice standing alone are not sufficient to state a claim for relief. Estelle, at 105-106; Hutchinson, 838 F.2d at 394.

As the Complaint stands, it fails to state a claim on which relief may be granted. Plaintiff's allegations do not satisfy the legal standards discussed above. Plaintiff has not identified a serious medical need, he does not explain who was deliberately indifferent, how they were deliberately indifferent and what harm result. However, Plaintiff may be able to allege facts that would show a violation of his constitutional rights, and, therefore, he will be given an opportunity to amend his pleading. Should the Plaintiff fail to timely file a Second Amended Complaint, the Court will recommend that this case be dismissed without prejudice for failure to

state a claim on which relief may be granted, and his filing of this case will then count as one strike against him, pursuant to 28 U.S.C. § 1915(g).

### E. Pending Motions

With his original complaint Plaintiff filed the following: a Motion to Stay Rulings and Motion for Automatic Stay (Document 2); Motion to Serve Complaint on Defendants without further delay (Document 3); Motion to Transfer Plaintiff back to Federal Medical Center, Rochester, Minnesota (Document 4); Motion to Order Medical Treatment/Care for Plaintiff (Document 5); Motion to Order Examinations (Document 6); and Motion to Keep all Court Documents and Legal Papers in Plaintiff's possession. (Document 7).

#### 1. Motion to Stay Rulings and Motion for Automatic Stay (Document 2)

Since Plaintiff filed his original motion for automatic stay (Document 2) he has filed a second motion to stay (Document 19) which was denied by the Court on May 10, 2007. (Document 20). Plaintiff has also filed a withdrawal of motion for stay (Document 21). Plaintiff's Withdrawal of Motion for Stay indicated that he was withdrawing his second motion for stay. However, it also requests that the Court proceed with this case.

In his original motion, Plaintiff seeks a stay in all rulings for temporary/permanent injunctive relief, declaratory relief and/or orders of protection until all relevant defense attorneys have been advised or served the proper complaint. The Court will complete its prescreening process as required by statute and if necessary will order the service of Plaintiff's Complaint upon proper defendants. The Court will not delay the prescreening process.

Plaintiff also seeks an automatic continuance in the event that Plaintiff is prevented or unable to respond to the Court. The Court will not issue a preemptive order regarding something

Case 4:07-cv-00023-SEH-RKS   Document 22   Filed 06/18/07   Page 11 of 13

that may or may not occur.  Plaintiff may make an appropriate motion should he encounter difficulties in communicating with the Court.

Accordingly, Plaintiff's Motion to Stay Rulings and Motion for Automatic Stay/Continuance will be denied.

    2.  <u>Motion to Serve Complaint on Defendants without further delay (Document 3)</u>

Plaintiff is seeking to have his Complaint served upon the Defendants "as quickly as possible" due to a medical emergency.  As set forth above, pursuant to 28 U.S.C. § 1915A, the Court is required to prescreen Plaintiff's Complaint prior to service upon Defendants.  As soon as this process is complete and if necessary, the Court will order the service of Plaintiff's Amended Complaint upon the proper Defendants.  However, given that the Court has recommended for dismissal all defendants except the three Montana Defendants who are not responsible for Plaintiff's current medical care, the Court does not perceive that there is an emergency requiring expedited rulings in this matter.  Plaintiff motion with therefore be denied.



    3.  <u>Motion to Transfer Plaintiff back to Federal Medical Center, Rochester, Minnesota (Document 4); Motion to Order Medical Treatment/Care for Plaintiff (Document 5); Motion to Order Examinations (Document 6); and Motion to Keep all Court Documents and Legal Papers in Plaintiff's possession. (Document 7)</u>

Plaintiff has filed a number of Motions seeking to have this Court interfere in the day-to-day operations of the Federal Bureau of Prisons.  The Court has recommended for dismissal all of the Federal Bureau of Prison defendants and therefore is not inclined to order Plaintiff's transfer, to order medical treatment/examinations for Plaintiff or the order the prison system to allow him to keep his court documents.

The Court will not interfere with the internal functions of the Federal Bureau of Prisons

ORDER AND FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE /
PAGE 11

unless or until there has been a judgment finding that a violation of the United States Constitution is being perpetrated. Prison officials are given deference in day-to-day prison. Turner v. Safley, 482 U.S. 78, 84-85 (1987). Accordingly, Plaintiff's motions will be denied.

Based on the foregoing, the Court hereby enters the following:

**ORDER**

1. Plaintiff's Motion to Stay Rulings and Motion for Automatic Stay (Document 2) is **DENIED**.

2. Plaintiff's Motion to Serve Complaint on Defendants without further delay (Document 3) is **DENIED**.

3. Plaintiff's Motion to Transfer Plaintiff back to Federal Medical Center, Rochester, Minnesota (Document 4) is **DENIED**.

4. Plaintiff's Motion to Order Medical Treatment/Care for Plaintiff (Document 5) is **DENIED**.

5. Plaintiff's Motion to Order Examinations (Document 6) is **DENIED**.

6. Plaintiff's Motion to Keep all Court Documents and Legal Papers in Plaintiff's possession. (Document 7) is **DENIED**.

7. On or before **July 20, 2007**, Plaintiff may file a Second Amended Complaint regarding Count I of his first Amended Complaint pursuant to the guidance provided in this Order or an indication that he wishes proceed with his first Amended Complaint. Should he chose to file a Second Amended Complaint, Plaintiff may not replead any claims or make any further allegations against those Defendants who are recommended for dismissal herein.

8. The Plaintiff must keep the Court informed of his current mailing address at all times.

Failure to do so may result in dismissal of the case without further notice.

9.  Failure to timely file a Second Amended Complaint will result in a recommendation that the case be dismissed for failure to state a claim.

Further, the Court enters the following:

## RECOMMENDATION

That the following Defendants:  the United States of America, the United States Attorney General, the Director of the Federal Bureau of Prisons and David Edwardy be **DISMISSED.**

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within twenty (20) days of the date entered as indicated on the Notice of Electronic Filing.[1]  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 18th day of June, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.